## EDITH R. OHLSEN v. THOMAS L. OHLSEN.

(243 Pac. 565; 244 Pac. 665.)

**Divorce.**

1. Supreme Court will try divorce suit anew.

**Divorce.**

2. Evidence *held* to entitle wife to divorce for cruelty.

ON PETITION FOR REHEARING.

**Divorce—Circuit Court, on Proper Showing, may Modify Decree Entered on Mandate of Supreme Court in Respect to Custody of Children and Alimony.**

3. Circuit Court, on proper showing, may modify decree entered on mandate of Supreme Court in respect to custody of children and alimony whenever the circumstances of the case are such as to require a modification in order to protect and secure future welfare of children.

Divorce, 19 **C. J.**, p. 142, n. 52, p. 192, n. 9, p. 193, n. 30, p. 194, n. 36, p. 334, n. 47, p. 356, n. 32, p. 357, n. 34, p. 358, n. 61.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

REVERSED.

For appellant there was a brief and oral arguments by *Mr. Howard Brownell* and *Mr. W. H. Brooke.*

For respondent there was a brief over the names of *Mr. Chas. A. Hardy* and *Mr. S. M. Calkins,* with an oral argument by *Mr. Hardy.*

RAND, J.—The plaintiff, Edith R. Ohlsen, instituted this suit for the purpose of obtaining a divorce upon the ground of cruel and inhuman treatment by defendant, rendering her life burdensome.

3. See 9 **R. C. L.** 476, 484.

These charges were denied by the answer. The testimony was taken in open court, and upon the final hearing of the cause, a decree was entered dismissing the suit, and plaintiff has appealed.

It appears from the pleadings and testimony that the parties intermarried at Springfield, Oregon, on October 15, 1907; that there are four children, the issue of said marriage, namely, Glen, Lucille, Dale and Lenis, aged respectively 16, 14, 12 and 7 years; that they lived together as husband and wife until March 12, 1923, when plaintiff, because of the alleged cruel and inhuman treatment of her by defendant, left the home where they were then residing, at Eugene, Oregon, taking with her the three youngest of said children, and went to reside with her mother at Springfield, an adjoining town, and that they have lived separate and apart ever since; the oldest boy with his father and the other three children with their mother. It also appears from the testimony that since their separation, plaintiff has supported herself and the three children by manual labor, without any financial aid or assistance from defendant, and that she has no property or any means of support except what she can earn by manual labor. It also appears that plaintiff is the owner of two houses and seven lots in Springfield, and of the house and lot in which the parties, prior to their separation, resided at Eugene, all of which, however, is subject to a mortgage, and that he is also the owner of an interest in a filling station at Eugene, and the defendant is amply able to support plaintiff and said children.

1. Although the testimony was taken in open court, and the learned trial Judge before whom it was taken had an opportunity, which we do not possess, to

judge of the character of the witnesses, and to observe their manner of testifying and demeanor while on the witness-stand, yet the whole testimony is before us, and has been carefully read and considered by each member of our department, and the majority of us are of the opinion that plaintiff, under the testimony offered, is entitled to a divorce from defendant, because of his unwarrantable and unjustifiable treatment of her. The statute makes it our duty in equity suits to try the case anew, and if in our opinion the decision of the lower court was wrong, to render a decision in conformity to our views of what the decree should be. It also appears from the record in this cause that the learned trial judge first decided the case one way, and subsequently during the term reversed his decision and decided it in favor of defendant.

2. We do not deem it necessary or advisable to enter into any extended discussion of the evidence, further than to say that in our opinion the evidence clearly shows that plaintiff has in all respects and at all times been true to her marital obligations, and that she has been a kind and dutiful wife to the defendant, and that defendant has been extremely jealous and exacting, and that without any grounds therefor, or reason for suspicion, has repeatedly and habitually falsely accused the plaintiff of immoral conduct, which at the time he made the accusations he must have known to be wholly false and unfounded. Further than that, the testimony of plaintiff and of three other reputable witnesses, two of whom are wholly disinterested, establishes that defendant made it a habit upon retiring at night to deprive her of her rest, when he knew that she was very nervous and

excitable, and in extremely poor health, by fault-finding, complaining and quarreling, for long-continued periods, and this conduct upon his part seriously affected and impaired her health. While this testimony is contradicted by the defendant, he in turn is contradicted by other witnesses whose testimony is more convincing. While admitting in his testimony his belief in plaintiff's faithfulness and virtue, an attempt was made throughout the trial, by all manner of innuendo and indirection, to prove, but without success, facts which if true would cast the gravest suspicion upon her character. A careful reading of his testimony also shows, we think, that he attempted to conceal whatever was unfavorable to his side of the case, and to testify to half truths only. After a careful consideration of all the testimony, a majority of us are of the opinion that the decree must be reversed, and that a decree in favor of plaintiff should be entered in the case.

We have considered the welfare of the children, and conclude that since the record proves to us that these parties can never live together again, it is better for the children that a divorce should be granted than that they should remain legally man and wife and live separate and apart from each other. Under the evidence, we find that the custody of the three youngest children should be awarded to their mother, giving to the defendant, at all reasonable times, the opportunity of visiting with the children, and having them visit with him if he so desires. The custody of the eldest son will be awarded to the defendant, and the mother may visit him or with him at any and all reasonable times.

Under the statute, plaintiff is entitled, upon securing a divorce, to be decreed to be the owner of an undivided one-third interest in all of defendant's real property. This property is described in the complaint, and as described is admitted by defendant to be his property, and to stand in his name. The decree will award one third thereof to plaintiff. The decree will also require that the defendant pay each month to plaintiff for the support of the three minor children the sum of seventy-five dollars ($75) per month, which amount may be either increased or decreased at any time in the future by the Circuit Court for Lane County, upon a proper showing by either party, requiring that said amount should be either increased or decreased, as the case may be, according to the future circumstances of the parties.

For the reasons indicated, a decree in conformity herewith, and reversing the decree of the lower court, will be here entered, and it is so ordered.

REVERSED AND DECREE ENTERED.

McBRIDE, C. J., and BURNETT, J., concur.

COSHOW, J., dissents.

---

Rehearing denied March 30, 1926.

ON PETITION FOR REHEARING.

(244 Pac. 665.)

For the petition, *Mr. Charles A. Hardy.*

*Contra, Mr. Howard Brownell* and *Mr. W. H. Brooke.*

RAND, J.—3. A petition for rehearing has been filed herein reciting that after the trial of the cause in the court below plaintiff surrendered the custody of the three younger children to defendant, and that defendant since that time has had the custody of said children, and has supported and maintained them. If this is so, some modification of the decree upon the mandate may be required, in respect to the custody of the children and the amount of alimony to be paid to the plaintiff. Concerning these matters, the Circuit Court for Lane County has jurisdiction, and may modify the decree entered upon the mandate herein in respect to these matters, upon proper showing, whenever the circumstances of the case are such as to make such modification necessary or proper, in order to protect and secure the future welfare of said children.

The petition for rehearing will be denied, and the decree entered in the lower court upon the mandate of this court will stand without any modification, except as the same may be hereafter modified by that court in accordance with what is now said and in respect to the particular matters hereinbefore referred to.

REHEARING DENIED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.